IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 10-00043 |
| Plaintiff, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | **CONCERNING VIOLATIONS OF** |
| | ) | **SUPERVISED RELEASE CONDITIONS** |
| CHARLES K. SMITH, | ) | **IN A FELONY CASE** |
| | ) | |
| Defendant. | ) | |

Pending before the court are a petition and supporting declaration (together, the "Violation Petition") filed on April 14, 2025, and a Supplemental Declaration filed on May 12, 2025, s*ee* ECF Nos. 188 and 197, which alleged the Defendant violated his supervised release conditions as follows:

1. Admitted to the use of "meth" on March 2, 2025, April 13 and 17, 2025, and May 3, 2025; tested positive for the use of methamphetamine on March 21, 2025; and

2. Failed to report for drug tests on April 3, 8 and 15, 2025.

On May 13, 2025, the Defendant admitted to all the allegations noted above. *See* Mins., ECF No. 198. Having heard argument from the parties, the court now issues this Report and Recommendation as to an appropriate disposition for the supervised release violations.

**BACKGROUND**

**A.     Conviction and Sentence**

On July 12, 2012, the Defendant was sentenced by the Chief Judge to 120 months of imprisonment, with credit for time served, followed by eight years of supervised release for the offense of Distribution of Methamphetamine Hydrochloride. *See* Judgment, ECF No. 45. As a mandatory condition of supervised release, the Defendant was ordered to "refrain from any unlawful use of a controlled substance. *Id.* at 3. Special condition of supervised release included that the

Defendant "submit to one urinalysis test within 15 days of release from imprisonment and, to two or more urinalyses thereafter not to exceed eight tests per month" and "participate in a program . . . for substance abuse, which program shall include testing to determine whether the [D]efendant has reverted to the use of drugs or alcohol." *Id.* at 4.

The Defendant served his sentence and commenced his original term of supervised release on November 13, 2018.

**B.     Post-Conviction Conduct**

On June 7, 2019, the probation officer filed an Informational Report alleging that the Defendant failed to report for drug testing on May 27, 2019, and on June 3, 2019, and that he admitted in writing to having used "meth" on May 27, 2019, and June 3, 2019. *See* ECF No. 48. The Defendant claimed that he used methamphetamine on both days after experiencing personal stressors in his relationship. *Id.* The Probation Officer counseled him to refrain from the further use of controlled substances. At the request of the probation officer, the court agreed to take no action against the Defendant. *See* Order, ECF No. 49.

On March 12, 2020, the court revoked the Defendant's supervised release term and sentenced him to time served (approximately 111 days), followed by 92 months of supervised release. *See* Revocation J., ECF No. 81. The basis for the revocation was the Defendant's admissions to failing to report for drug tests on 13 occasions, failing to provide a urine specimen on two occasions, failing to submit his monthly supervision reports for three months, testing positive for the use of methamphetamine once, and failing to attend drug counseling sessions five times. *Id.* and R. & R., ECF No. 73. As a condition of supervised release, the Defendant was ordered to participate in a substance abuse treatment program,[1] to follow the rules and regulations of the program and to submit to drug testing. Revocation J. at 6, ECF No. 81.

On February 18, 2021, the Defendant's supervised release term was revoked a second time, and the Chief Judge sentenced him to time served (approximately six months and 12 days) and 85

---

[1] The Defendant was released from custody on February 25, 2020, to participate in the Lighthouse Recovery Center's ("LRC's") residential treatment program. *See* Order, ECF No. 77.

months of supervised release. *See* Revocation J., ECF No. 101. The revocation resulted after the Defendant failed to report for six drug tests, admitted to the use of methamphetamine, and was terminated from the LRC residential program for possession of narcotics not prescribed by a physician. *Id.* and R. & R., ECF No. 97.

On March 23, 2023, the court revoked the Defendant's supervised release term for the third time and sentenced him to 11 months' imprisonment, followed by 74 months of supervised release. *See* Third Revocation J., ECF No. 135. The revocation was a result of the following violations: (1) admitted to the use of "meth" on March 8, 2021; (2) tested positive for the use of methamphetamine on November 6, 2022; (3) failed to submit monthly supervision reports for March and April 2021; (4) failed to inform the probation officer about a change in his residence; (5) failed to report for eight drug tests (April 7, 9, 16, 19 and 20, 2021 and May 3, 10 and 17, 2021); (6) noncompliant termination from the Lighthouse Recovery Center's ("LRC's") residential treatment program on November 7, 2022; and (7) failed to follow the instructions of the probation officer.[2] *Id.* at 1-2 and R. & R., ECF No. 130.

On August 8, 2024, the court revoked the Defendant's supervised release term for a fourth time and sentenced him to 11 months' imprisonment and 63 months of supervised release. *See* Fourth Revocation J., ECF No. 184. The revocation was based on the Defendant's failure to report for numerous drug tests and submission of a diluted sample, admissions to the use of "meth" and repeated positive drug tests for methamphetamine. *Id.* at 1, and R. & R. at 1-2, ECF No. 179.

The Defendant's current term of supervised release commenced on February 26, 2025.

## CURRENT VIOLATIONS

**A.    Filing of Informational Reports**

On April 14, 205, the probation officer filed the instant Violation Petition alleging the Defendant violated his supervised release conditions as follows:

---

[2] A sanction at the high end of the guidelines range was also imposed because the Defendant had absconded from supervision for more than one year. An arrest warrant was issued for the Defendant on May 25, 2021, *see* Order, ECF No. 106, and he was not apprehended until June 2, 2022. *See* Return of Warrant, ECF No. 107.

| DATE | ALLEGATIONS |
|---|---|
| March 5, 2025 | Defendant reported to the probation office for intake processing. He was told that he would be drug tested, and the Defendant admitted that he used illicit drugs. He signed an admission form that he used "meth" on March 2, 2025. |
| March 21, 2025[3] | Defendant tested presumptive positive for the use of methamphetamine when drug tested at LRC. The urine specimen was sent for lab analysis, and results received on April 8, 2025, confirmed the positive result for methamphetamine. |
| April 3, 2025 | Defendant failed to report for a drug test at LRC. He failed to call or report to the probation officer the following day as required to discuss the noncompliance and submit to a drug test. |
| April 8, 2025 | Defendant failed to report to LRC for a drug test. He again failed to call or report to the probation officer the following day as required to discuss the noncompliance and submit to a drug test. |

At the request of the probation officer, the court ordered that a summons issue for the Defendant to appear and answer to the allegations. *See* Order, ECF No. 190.

**B.    Initial Appearance**

On May 6, 2025, the Defendant appeared as summoned. *See* Mins., ECF No. 192. The court appointed the Federal Public Defender to represent him. *Id.* and Appointment Order, ECF No. 195. The probation officer noted further violations by the Defendant since the filing of the Violation Petition. Specifically, the probation officer stated that the Defendant failed to appear for a drug test on April 15, 2025, and tested positive for methamphetamine on April 16 and 18, 2025, and on May 5, 2025. The Defendant stated he was working with his counselor to address his addiction, but the court stated he needed something more intensive, such as inpatient treatment. The court ordered the Defendant to self-surrender to the U.S. Marshals Service by 12 noon[4] that day and set his answering on the allegations for May 13, 2025.

**C.    Filing of Supplemental Declaration**

On May 12, 2025, the probation officer filed a Supplemental Declaration, alleging the

---

[3] The probation officer's supporting declaration erroneously reflects the year to be 2024. *See* Declaration in Support at 5, ECF No. 188-1.

[4] The Defendant did not surrender until a little after 1:00 p.m. He claimed he had transportation issues.

following additional violations:

| DATE | ALLEGATIONS |
|---|---|
| April 15, 2025 | Defendant failed to report for a scheduled drug test. |
| April 16, 2025 | The probation officer contacted the Defendant about his missed drug test the day prior. Defendant claimed he was exhausted after work and forgot about his drug test. He reported to the probation office and submitted to a drug test, which was presumptive positive for methamphetamine use. Defendant signed an admission form that he used "meth" on April 13, 2025. |
| April 18, 2025 | Defendant submitted to a drug test, which was presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on April 17, 2025. |
| May 5, 2025 | Defendant submitted to a drug test, which was presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on May 3, 2025. |

**D.  Admissions**

On May 13, 2025, the parties returned to court, and the Defendant admitted to all the alleged violations in the Violation Petition and Supplemental Declaration. *See* Mins., ECF No. 198. Counsel and the probation officer presented their respective arguments as to an appropriate sentence for the violations, and the court ordered that the Defendant continue to remain detained until the final disposition hearing. Having reviewed the record herein and considered the parties' recommended sanctions, the court now issues this Report and Recommendation for the Chief Judge's consideration.

**LEGAL STANDARD**

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if the Defendant refuses to comply with required drug testing or tests positive more than three times over the course of one year. 18 U.S.C. § 3583(g)(3) and (4).

**PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED**

According to the Amended Violation Worksheet, the allegations are Grade C violations, with a guidelines range of 5-11 months' imprisonment based on the Defendant's criminal history category of III, followed by 52-58 months of supervised release. *See* Am. Violation Worksheet at ¶¶ 7-10 and 13, ECF No. 197-1.

This is the Defendant's fifth revocation proceeding. His underlying offense of conviction is a Class A felony, so the Defendant faces a maximum of five years' imprisonment for revocation proceedings, pursuant to 18 U.S.C. § 3583(e). His prior revocation sentences were for 111 days, 6 months and 12 days, 11 months and 11 months.

The probation officer recommended the court impose a "max out" sentence of 27 months and 27 days. Aside from it being the Defendant's fifth revocation proceeding, the probation officer noted that the Defendant violations began shortly after his release from custody in late February. The probation officer did not believe the Defendant was amendable to further supervision.

Counsel for the United States concurred with the probation officer's recommendation. She noted that the Defendant had received the maximum sentence under the guidelines for the third and fourth revocations, and days following his release he began to once again violate his supervised release conditions.

Defense counsel was mindful that this was the Defendant' fifth revocation proceeding. She asserted that he has struggled with drug dependence since 2019 and noted that his last two revocation sentences of 11 months each were ineffective to treat his drug dependence and did promote public safety because all it did was warehouse him. Ms. Lujan argued that drug addiction is a mental health issue that requires treatment, not long term imprisonment. She acknowledged that the Defendant has tried treatment several times and asserted this is a positive sign because he has not given up on himself or on treatment. Counsel stated that sometimes treatment does not click the first few tries but the fact that someone is still willing to try is significant. The Defendant is an adcict with a long history of chronic methamphetamine use. As long as the Defendant is willing to try treatment, Ms. Lujan urged the court to give him that opportunity. She recommended that the Defendant be sentenced to five months' imprisonment. While he was incarcerated, defense counsel stated she

would reach out to Guam Behavioral Health and Wellness Center and to LRC for an assessment to try to get him into a residential treatment program. Ms. Lujan asked that the Defendant be given another opportunity at treatment since it is clear that he needs it.

The court concurs with defense counsel's assessment that a lengthy imprisonment sentence without more will not effectively address the Defendant's drug addiction. The below-signed judge is a proponent of affording addicts with every opportunity to participate in substance abuse treatment, because treatment gives them best possible chance at sobriety. While the court is generally in agreement with the concept of graduated sanctions, the penalties the Defendant faces for run-of-the-mill drug-related violations are simply too harsh given his criminal history category of III. The allegations against the Defendant do not involve the commission of new criminal offenses or the distribution of drugs. He did not abscond from supervision. He is a chronic addict, hooked on a very powerful drug, so the court is not shocked that he would violate his supervised release conditions a few days following his release because he received no treatment while he was serving his revocation sentence. As argued by defense counsel, the Defendant's past two revocation sentences of 11 months each were ineffective at instilling the type of change society expects because the Defendant did not receive any treatment while he was imprisoned – he was simply warehoused and then released with the same addiction he had when he was detained. While the Defendant has not made the probation officer's job easy, the court does not believe that a max out sentence is unreasonable here where the Defendant continues to want treatment and is willing to try residential treatment once again. Accordingly, the court recommends the minimum sentence under the guidelines. The recommended sentence is reasonable, but not greater than necessary, to sanction the Defendant for the Grade C violations, and will give him an opportunity to get back into treatment within a reasonable period of time.

### RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge accept the Defendant's admissions, revoke the Defendant's supervised release term, and impose a sentence

///

///

of five months' imprisonment, with credit for time served,[5] followed by 58 months of supervised release.

A disposition hearing shall be held on June 26, 2025, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
   U.S. Magistrate Judge
Dated: Jun 09, 2025

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**

---

[5] The Defendant has been detained since May 6, 2025, giving him approximately 52 days of confinement credit as of the June 26, 2025 disposition hearing.